Outcalt *v.* Rankin.

---

JOHN D. OUTCALT v. ANDREW RANKIN.

In an action by the payee of a promissory note against the endorser, an admission of the plaintiff's demand, by the defendant, to the justice, on a day preceding the return of the summons, is not sufficient evidence to authorize the justice to enter judgment in favor of the plaintiff. The justice cannot be judge and witness in his own court.

Andrew Rankin brought an action of debt against John D. Outcalt, as endorser of a promissory note. It appears from the transcript of the justice, that on the return day of the summons " the plaintiff appeared and filed his statement of demand ; the defendant not appearing, but having admitted to me the plaintiff's demand, on a preceding day, after the service of the summons," he gave judgment for the plaintiff, for the amount of the note, with costs of suit. The judgment and proceedings were removed into this court by certiorari, and *Kirkpatrick* moved to reverse the same. 1. Because the judgment was rendered against the defendant in his absence, without trial, and without any legal evidence, and cited, 2 *Penn. Rep.* 549, 551, 621,

Midler v. Lazadder.

412.   2. Because the admission of the demand out of court, and not on the day of the trial, was not legal evidence to make an endorser liable.   If thus much had been proved by a competent witness on the trial, the plaintiff must have failed.   How much stronger the objection, when such admission is made to the justice before trial, and the return of the summons?   The justice in his own court cannot be both judge and witness.

By the Court.   This is a suit brought by the endorsee against the endorser of a promissory note.   The defendant might admit the plaintiff's demand, and yet not admit his own liability. This admission might apply to the execution of the note, and not to the legal demand of payment, and notice to the endorser. Besides the admission was made to the justice out of court, and before the return day of the summons, and to sanction this as legal evidence, would be to make the justice both judge and witness, without even the formality of an oath.

Judgment reversed.

Cited in *Paterson* v. *Schenck,* 3 *Gr.* 434.